■ David V. Petraglia, Respondent, v Whirlwind Music Distributors, Inc., et al., Appellants.—Order unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with the following memorandum: Respondents Whirlwind Music Distributors, Inc. (Music) and Whirlwind Audio, Inc. (Audio) each appeal from an order denying their motions to dismiss petitioner Petraglia's petition seeking judicial dissolution of Music and Audio pursuant to Business Corporation Law § 1104-a. Petitioner and three others, Michael and Bonnie Laiacona and Robert Stata, formed Music in 1975, each acquiring 20 shares of stock. Stata sold his shares to Michael Laiacona in August 1975, and no further stock transactions have occurred. Petitioner owns 25% of Music's stock. In his petition for dissolution, petitioner contended that the Laiaconas terminated his employment by Music in April 1976 and that in March 1977, the Laiaconas formed Audio, which sells audio products to be used in conjunction with

Music products. Petitioner seeks judicial dissolution of both Music and Audio on the grounds that the Laiaconas engaged in illegal, oppressive and fraudulent conduct, including the diversion of Music's opportunities to Audio, the failure by the Laiaconas to pay dividends or make distributions from either Music or Audio, and their refusal to grant him access to Music's and Audio's business records. The court properly denied respondent Music's motion to dismiss the petition and directed a hearing since petitioner has pleaded facts which, if proven, would constitute oppressive actions under Business Corporation Law § 1104-a (a) (1) *(see, Matter of Kemp & Beatley [Gardstein],* 64 NY2d 63, 72-73). However, the court erred in denying Audio's motion to dismiss the petition. Petitioner is not a shareholder of Audio, and a proceeding under Business Corporation Law § 1104-a can be brought only by a holder of at least 20% of the shares of the corporation sought to be dissolved.

The court further erred in granting petitioner's cross motion to strike Music's eight affirmative defenses; only Music's third, sixth, seventh and eighth affirmative defenses were properly stricken. The first affirmative defense, that Music declared a dividend in 1985, the second affirmative defense, that a buy-out offer of $8,000 was made to petitioner in 1978, the fourth affirmative defense, that petitioner has received copies of all "tax proceedings" of Music, and the fifth affirmative defense, that since petitioner left the board of Music, Music has flourished, each, if true, would constitute partial defenses to petitioner's claim of oppressive conduct. Music's first, second, fourth and fifth affirmative defenses therefore are reinstated. (Appeal from order of Supreme Court, Monroe County, Siracuse, J.—dissolution of corporation.) Present—Dillon, P. J., Doerr, Green, Pine and Lawton, JJ.